Jon B. SKOW, Plaintiff-Appellant,†

v.

Patricia GOODRICH, and Wisconsin Department of Health & Social Services, Defendants-Respondents.

Court of Appeals

*No. 90-0213. Submitted on briefs September 7, 1990.—Decided April 11, 1991.*

(Also reported in 469 N.W.2d 888.)

†Petition to review pending. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

For the plaintiff-appellant the cause was submitted on the brief of *Thomas W. Tollaksen* of *Foley, Dye, Foley & Tollaksen, S.C.,* of Racine.

For the defendants-respondents the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *John J. Glinski,* assistant attorney general.

Before Eich, C.J., Dykman and Sundby, JJ.

EICH, C.J. Circuit Court Judge Jon B. Skow appeals from an order dismissing his declaratory judgment action. The issue is whether the special action release program created by Wis. Adm. Code sec. DOC

449

302.32—which authorizes the early release on probation of certain prison inmates—violates the separation of powers doctrine. We conclude that it does not and affirm the order.

Judge Skow sought a judgment declaring the program unconstitutional.* The Secretary of the Wisconsin Department of Health and Social Services and the department (collectively, the "department") moved to dismiss for failure to state a claim upon which relief may be granted. The trial court granted the motion.

The constitutionality of a provision of the administrative code is a question of law which we decide *de novo. Castle Corp. v. Dep't of Revenue,* 142 Wis. 2d 716, 719, 419 N.W.2d 709, 710 (Ct. App. 1987). Statutes and regulations carry a heavy presumption of constitutionality and the challenger has the burden of proving unconstitutionality beyond a reasonable doubt. *See Chappy v. LIRC,* 136 Wis. 2d 172, 184–85, 401 N.W.2d 568, 573–74 (1987).

The special action release program was designed to alleviate prison overcrowding.

> The . . . program is intended to relieve crowding in state prisons by releasing select prisoners to parole supervision using a procedure other than mandatory release or a discretionary parole recommended by the parole commission. The program intends to maintain the highest possible level of public safety commensurate with good correctional practice by basing release determinations on individual differences among

---

*Originally Judge Skow also challenged the program because it was not specifically authorized by statute. While the action was pending, the legislature amended the statutes and specifically authorized the program. Judge Skow acknowledged that the amendment mooted this claim.

inmates, their offenses, their institutional records, and their abilities to comply with the rules of parole and to maintain themselves in open society without engaging in criminal activity. Wis. Adm. Code sec. DOC 302.32(2).

Judge Skow asserts that it is his duty as a member of the judiciary to sentence persons convicted of crimes, and that it is the duty of the executive branch to maintain sufficient prison space to accommodate them. He argues that the release program unconstitutionally usurps the judiciary's sentencing power by shortening imposed sentences to relieve prison overcrowding.

We disagree. The judiciary is empowered, among other things, to try persons accused of crimes and to sentence those found guilty. *See State ex rel. Johnson v. Cody,* 50 Wis. 2d 540, 546, 185 N.W.2d 306, 309 (1971). The adversary process then terminates and the executive branch assumes the responsibility of directing "the correctional and rehabilitative processes of the parole and probation system . . .." *State ex rel. Bieser v. Percy,* 97 Wis. 2d 702, 711, 295 N.W.2d 179, 183 (Ct. App. 1980) (citation omitted). "[I]t is the function of the executive [branch] to grant paroles and pardons." *Drewniak v. State ex rel. Jacquest,* 239 Wis. 475, 488, 1 N.W.2d 899, 905 (1942). Accordingly, regulation of the timing and method of release from prison to parole is well within the department's powers.

The trial court concluded that the complaint failed to state a claim because it did not raise a separation of powers issue. The trial court aptly described the interrelationship between the judiciary and the executive branch, explaining that once a "defendant has been sentenced, the administrative process, vested in the executive branch, takes over." *See also State ex rel. Bieser,* 97

451

Wis. 2d at 711, 295 N.W.2d at 183 (sentences imposed by the judiciary are subject to statutory parole and good time provisions administered by the executive branch).

The special action release program takes effect only after sentence is imposed, and it does no more than regulate the manner in which a defendant serves his or her sentence. In that respect it is not at all unlike the probation and parole system administered by the executive branch. We agree with the trial court that Judge Skow has not demonstrated that the existence and operation of the program impermissibly encroaches on the powers or prerogatives of the judiciary. Thus, Judge Skow's separation of powers challenge fails.

*By the Court.*—Order affirmed.