STATE of Wisconsin, Plaintiff-Appellant,

v.

Paula DeLeon, Defendant-Respondent.

Court of Appeals

*No. 92-0636-CR. Submitted on briefs July 3, 1992.—Decided September 16, 1992.*

(Also reported in 490 N.W.2d 767.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *William L. Gansner,* assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Brian Lee Mares* of *Steinhilber, Swanson, Mares, Curtis, Marone & Wolk* of Oshkosh.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

SNYDER, J. Paula DeLeon was convicted of conspiring to possess with intent to deliver more than twenty-five grams of cocaine. The trial court withheld sentence and ordered DeLeon to serve a four-year term of probation with a six-month jail confinement and work release privileges. The state appeals the judgment and order, arguing that the structure of the probation order is contrary to secs. 161.41(1m)(c)3 and 973.09(1)(d), Stats. We agree. We therefore affirm the judgment, but reverse the probation order and remand for sentencing consistent with the statutory requirements.

DeLeon, an admitted cocaine addict, pled guilty to a charge of conspiring to possess with intent to deliver more than twenty-five grams of cocaine, contrary to sec. 161.41(1x), Stats. Her conviction on this charge triggered minimum penalties of a fine of "not less than $1,000 nor more than $500,000" and imprisonment of "not less than one year nor more than 15 years." Section 161.41(1m)(c)3.

Since this was DeLeon's first criminal conviction, her attorney argued for probation, as recommended in the presentence report. The state argued for three years imprisonment but pointed out that if the trial court should choose to order probation, DeLeon still would have to be sentenced to one year imprisonment, the presumptive minimum. *See* secs. 161.438 and 973.09(1)(d), Stats. The trial court withheld sentence and ordered four years probation. Conditions of probation included pay-

ment of the $1000 minimum fine and six months confinement in the county jail. The state appeals.

The state argues that the probation order fashioned by the trial court is unauthorized under the statutes governing penalties for violations of ch. 161, Stats. Accordingly, our review requires that we interpret these statutes. This presents a question of law. *State v. Hermann*, 164 Wis. 2d 269, 276-77, 474 N.W.2d 906, 908-09 (Ct. App. 1991). We are not bound by the trial court's determinations on questions of law. *Id.*

DeLeon violated sec. 161.41(1x), Stats., thus subjecting her to the mandatory minimum penalties described in sec. 161.41(1m)(c)3.[1] Section 161.438, Stats., makes those mandatory minimum penalties presumptive minimums, however, Section 161.438 provides:

> Any minimum sentence under this chapter is a presumptive minimum sentence. *Except as provided in s. 973.09(1)(d),* the court may impose a sentence that is less than the presumptive minimum sentence or may place the person on probation only if it finds that the best interests of the community will be served and the public will not be harmed and if it places its reasons on the record. [Emphasis added.]

Section 973.09, Stats., concerns probation. Subsection (1)(d) provides:

> If a person is convicted of an offense that provides a mandatory or presumptive minimum period

---

[1]Section 161.41(1m)(c)3, Stats., provides:

If the amount possessed, with intent to manufacture or deliver, is more than 25 grams but not more than 100 grams, the person shall be fined not less than $1,000 nor more than $500,000 and shall be imprisoned for not less than one year nor more than 15 years.

of one year or less of imprisonment, a court may place the person on probation under par. (a) if the court requires, as a condition of probation, that the person be confined under sub. (4) for at least that mandatory or presumptive minimum period. The person is eligible to earn good time credit calculated under s. 302.43 regarding the period of confinement.

Read together, these statutes exposed DeLeon to a presumptive minimum sentence of one year in prison and a $1000 fine.

The trial court considered the interplay of these statutes. Nevertheless, it withheld DeLeon's sentence and ordered four years probation and only six months in the county jail with work release privileges—a term of confinement clearly less than the minimum one year. The court explained that "to not incarcerate would unduly depreciate the seriousness of the offense," while to construe sec. 161.438, Stats., to allow a reduction in the mandatory minimum for a punitive sentence, but not for a rehabilitative sentence, would produce an absurd result. In that same vein, DeLeon contends that such a construction would yield a "vague and arbitrary" result and thus would violate due process. She concedes that if the statutes are not unconstitutional, however, the trial court acted improperly and she must resentenced.

The state argues that the trial court erred because it was authorized to order probation only if (1) as a condition of probation, it also ordered confinement for the presumptive minimum period, sec. 973.09(1)(d), Stats., or (2) it made findings on the record regarding the community's best interests and no harm to the public. Section 161.438, Stats.

We agree that sec. 973.09(1)(d), Stats., plainly requires that when probation is deemed appropriate, the court also must order confinement "for at least that

mandatory or presumptive minimum· period." *Id.* We disagree, however, that sec. 161.438, Stats., provides an alternate method for ordering probation when the minimum confinement exposure is one year or less. The phrase "[e]xcept as provided in s. 973.09(1)(d)" separates minimum sentences of one year or less from other sentences. We conclude that the part of the statute regarding making certain findings on the record unambiguously relates only to situations not arising under sec. 973.09(1)(d).

We also conclude that the statutory scheme is not absurd, vague or arbitrary. The legislature has declared the abuse of controlled substances to be a serious problem for society. Section 161.001, Stats. It further has declared that those who habitually engage in commercial trafficking should be sentenced to substantial prison terms to shield the public from their predatory acts. Section 161.001(2). Those traffickers who also are addicted, however, "should, upon conviction, be sentenced in a manner most likely to produce rehabilitation." *Id.*

If a defendant is exposed to a presumptive minimum sentence of one year or less and the sentencing court determines that probation also is appropriate, the court must order the person confined for at least that minimum period. Section 973.09(1)(d), Stats. It is not absurd that the people of this state, through the legislature, have declared their intent that even first-time or small-time offenders be dealt with in a manner that emphasizes the seriousness of drug involvement. It also is not absurd that, under this statutory scheme, a defendant facing a greater prison term could receive a sentence reduction, even one of one year or less. A person facing mandatory confinement pursuant to sec.

973.09(1)(d) is eligible for good time, whereas one imprisoned pursuant to ch. 161, Stats., is not.

██

Nor are the statutes vague or arbitrary. They plainly lay out what a trial court must do if it desires to order probation. Moreover, the legislature has expressed its will that the public be protected from those involved in illicit drugs *and* that addicts be rehabilitated. Those two legislative goals are not necessarily mutually exclusive. The record indicates that DeLeon's boyfriend and other close associates are addicts and that, although she never was charged before, DeLeon likely facilitated other cocaine transactions between her brother in Chicago and herself and her friends here. Incarceration not only underscores the seriousness of the offense, it also can serve to get her away from drug-using companions and assist her on the path to rehabilitation. We remand for resentencing in accordance with the statutes.

*By the Court.*—Judgment affirmed; order reversed and cause remanded with directions.