STATE of Wisconsin, Plaintiff-Respondent,

v.

Becky L. EASTMAN, Defendant-Appellant.

Court of Appeals

*No. 97–2173–CR. Submitted on briefs March 9, 1998.—Decided May 28, 1998.*

(Also reported in 582 N.W.2d 749.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Rick B. Meier* of *Mandell, Ginsberg & Meier* of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *William C. Wolford,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

Before Eich, C.J., Vergeront and Deininger, JJ.

DEININGER, J. The trial court entered judgment convicting Becky Eastman of manufacturing a controlled substance, an offense that carries a presumptive one-year minimum sentence of imprisonment.[1] The court, however, withheld sentence and placed her on probation for five years, with a condition that she be confined in the Dane County jail for one year. The sole issue before us is whether the trial court may order Eastman placed on monitored home detention in order to satisfy the requirement of

---

[1] Section 161.438, STATS., 1991–92, provides as follows:

Any minimum sentence under this chapter is a presumptive minimum sentence. Except as provided in s. 973.09(1)(d), the court may impose a sentence that is less than the presumptive minimum sentence or may place the person on probation only if it finds that the best interests of the community will be served and the public will not be harmed and if it places its reasons on the record.

§ 973.09(1)(d), STATS., that, if placed on probation, Eastman must "be confined . . . for at least [the] mandatory or presumptive minimum period" of one year. The trial court concluded that it lacked authority to substitute home detention for physical confinement in the Dane County jail as a condition of Eastman's probation. We agree and affirm Eastman's judgment of conviction and the trial court's order denying her motion for postconviction relief.

## BACKGROUND

Eastman pled no contest to one count of manufacturing cocaine base, as a party to the crime, in violation of §§ 161.41(1)(cm)1, 161.14(7)(a), and 939.05, STATS., 1991–92. The offense was committed "from on or about December 14, 1993, through and including December 16, 1993."[2] At the sentencing hearing, the circuit court withheld sentence and placed Eastman on five years probation with a condition that she be confined for one year in the Dane County jail.

Eastman later moved for sentence modification, requesting to serve the required year of confinement at home under electronic monitoring due to her pregnancy. The circuit court stayed Eastman's jail confinement until after she gave birth to her child and

_____

[2] At the time of her offense, § 161.41(1)(cm)1, STATS., 1991–92, provided that a person convicted of manufacturing three grams or less of cocaine base "shall be fined not less than $1,000 nor more than $500,000 and shall be imprisoned for not less than one year nor more than 15 years." 1993 Wis. Act 98 eliminated the presumptive minimum fine and imprisonment for the manufacture of five grams or less of cocaine base for offenses committed on and after December 25, 1993. The penalties for manufacturing cocaine base are now set forth in § 961.41 (1)(cm), STATS.

indicated that she could renew her motion for electronic monitoring at a later time. Subsequently, Eastman did renew her motion. The circuit court denied the motion, however, concluding that it lacked authority to order electronic monitoring as an alternative means for Eastman to serve the required one year of confinement. Eastman appeals both the judgment of conviction, which imposed the jail confinement condition, and the subsequent order denying her request for modification of the condition.

## ANALYSIS

█

Eastman does not claim that the sentencing court acted illegally in ordering a year of confinement in the Dane County jail as a condition of her probation. Rather, she argues that, in ordering jail confinement and not monitored home detention, the court erroneously exercised its discretion because the decision was based on a misinterpretation of the sentencing statutes.[3] The interpretation and application of statutes to

---

[3] It is not clear from the record that the trial court would have ordered monitored home detention in lieu of jail confinement, even if it had concluded that the alternative was available on the present facts. At the original sentencing hearing on April 14, 1995, the court said: "And for a number of reasons, I don't believe electronic monitoring is feasible or appropriate here, particularly in light of the nature of this offense and the potential for using drugs while on electronic monitoring or dealing in drugs." At the hearing on Eastman's motion to modify, the court chose to address first the question of its legal authority to substitute home detention for jail confinement before giving any consideration to "whatever witnesses or other folks you have who would have something to say in support of the relief you're seeking." While the court later commented that, as a policy

undisputed facts are questions of law which we decide de novo. *School Bd. v. Bomber*, 214 Wis. 2d 396, 401, 571 N.W.2d 189, 192 (Ct. App. 1997). The deferential standard by which we generally review a trial court's exercise of sentencing discretion does not apply, therefore, to the question presented by this appeal. We owe no deference to the trial court's conclusion that it lacked authority to order monitored home detention in place of the confinement condition specified by § 973.09(1)(d), STATS.

The primary purpose of statutory construction is to determine and give effect to the intent of the legislature. *DeMars v. LaPour*, 123 Wis. 2d 366, 370, 366 N.W.2d 891, 893 (1985). We determine the legislature's intent by "examining the language of the statute and the scope, history, context, subject matter and purpose of the statute." *State ex rel. Sielen v. Circuit Court*, 176 Wis. 2d 101, 106, 499 N.W.2d 657, 659 (1993). Where the language chosen by the legislature is clear and unambiguous, we arrive at the intent of the legislature by "giving the language its plain, ordinary and accepted meaning." *State v. Mendoza*, 96 Wis. 2d 106, 114, 291 N.W.2d 478, 483 (1980). If a statute clearly sets forth the legislative intent, we simply apply the statute to the facts presented. *See Cox v. DHSS*, 184 Wis. 2d 309, 316, 517 N.W.2d 526, 528 (Ct. App. 1994).

Eastman argues that the statutes she claims are relevant to the present dispute create an ambiguity that we should resolve in her favor in order to avoid an absurd or unreasonable result. Specifically, she points to the language of § 161.41(1)(cm)1, STATS., 1991–92,

matter, it believed that a "judge ought to have that sort of latitude," it never reached the discretionary issue, since it concluded that it lacked authority to grant the relief requested.

which requires that she be "imprisoned for not less than one year," and to § 973.03(4)(a), STATS., which permits a sentencing court, *"[i]n lieu of a sentence of imprisonment to the county jail . . .* [to] impose a sentence of [electronically monitored] detention at the defendant's place of residence." (Emphasis added.) Eastman claims that it would be illogical to conclude that the legislature granted sentencing courts the authority to order home detention in lieu of imprisonment, and at the same time, intended to eliminate the use of the home detention alternative "in every case where imprisonment is or must be imposed."

The chief flaw in Eastman's argument is that the provisions of § 973.03(4)(a), STATS., have no application to the present facts. Eastman has not been "sentenced to imprisonment" in the county jail: her "sentence" was withheld. *See State v. Avila*, 192 Wis. 2d 870, 885–86, 532 N.W.2d 423, 428 (1995) (jail confinement ordered as a condition of probation is not a "sentence"). Thus, the fact that § 973.03(4)(a) authorizes a court to impose monitored home detention "[i]n lieu of a sentence of imprisonment to the county jail," is of no assistance to Eastman on the present facts.[4]

Rather, the proper beginning point for our analysis is § 973.09(1)(d), STATS., which provides as follows:

> If a person is convicted of an offense that provides a mandatory or presumptive minimum period of one year or less of imprisonment, a court may place the person on probation . . . if the court requires, as a

---

[4] We do not address whether the trial court could have satisfied the requirement of § 161.41(1)(cm)1, STATS., 1991–92, by sentencing Eastman to one year of home detention in lieu of a one-year sentence of imprisonment to the county jail. That question is not before us.

condition of probation, that the person be confined under sub. (4) for at least that mandatory or presumptive minimum period.

Section 973.09(4), in turn, authorizes a court to "require as a condition of probation that the probationer be confined during such period of the term of probation as the court prescribes, but not to exceed one year." Subsection (4) specifically delegates to the sheriff the decision as to whether a probationer's confinement will be in the county's "Huber facility" or "work camp," if the county has either type facility, or in the county jail. If there are no alternative county correctional facilities, the statute provides that "the probationer shall be confined in the county jail." *Id.*

The language of § 973.09(1)(d), STATS., plainly sets forth the legislature's intent that when a person is placed on probation after having been convicted of an offense for which there is a mandatory or presumptive minimum term of imprisonment of one year or less, the court must order confinement "under [§ 973.09](4)." *See State v. DeLeon*, 171 Wis. 2d 200, 204–05, 490 N.W.2d 767, 769 (Ct. App. 1992). Monitored home detention is not mentioned in either § 973.09(1)(d) or (4) as an alternative to confinement in a county correctional facility, and to the extent that alternatives are available with respect to the place of confinement, the selection among those alternatives is delegated to the sheriff and not to the court. We must presume that "the legislature chose its terms carefully and precisely to express its meaning." *Ball v. District No. 4, Area Bd.*, 117 Wis. 2d 529, 539, 345 N.W.2d 389, 394 (1984). Thus, we conclude that when a court orders probation under § 973.09(1)(d), it lacks the authority to order

337

monitored home detention in lieu of confinement "under [§ 973.09](4)."

Eastman asserts that our conclusion implies a sentencing court may "never" place a person on monitored home detention as a condition of probation. To the contrary, our present holding applies only to dispositions under § 973.09(1)(d), STATS., and it precludes court-ordered home detention only if ordered in lieu of confinement "under [§ 973.09](4)." Section 973.09(1)(a), STATS., authorizes a court to impose on a probationer "any conditions which appear to be reasonable and appropriate." We find no limitation in the statute that would preclude a court from ordering participation in some type of monitored home detention as a condition of probation. If, however, a court orders confinement under § 973.09(4) as a condition of probation, because it is required to do so by § 973.09(1)(d), then the provisions of subsection (4) necessarily govern the confinement. And, as we have discussed above, confinement under § 973.09(4), "shall be in the county jail," unless the sheriff elects to make placement in one of the alternative correctional placements as may be available within the county.

Finally, we reject Eastman's claim that "[n]othing in the statutes suggests that the legislature intended to give sheriffs greater discretion than sentencing courts." It is certainly within the court's province, and not the sheriff's, to sentence persons convicted of crimes, or in lieu of a sentence, to order probation and to impose conditions of probation. But, if a court proceeds under § 973.09(4), STATS., to "require as a condition of probation that the probationer be confined during such period of the term of probation as the court prescribes," the place of that confinement, within the available statutory alternatives, is very clearly a mat-

ter for the sheriff, and not the court, to decide. We do not address, however, whether a sheriff may place on home detention a probationer who is ordered confined under § 973.09(4) as a condition of probation, inasmuch as that question is not before us.[5]

## CONCLUSION

■

Because the trial court was required to impose confinement under § 973.09(4), STATS., as a condition of Eastman's probation, and because the statute does not authorize the court to substitute monitored home detention for confinement in a county correctional facility, we affirm the judgment of conviction and the order denying postconviction relief.

*By the Court.*—Judgment and order affirmed.

[5] *See* § 302.425(2), STATS., which authorizes a county sheriff, or a house of correction superintendent, to "place in the home detention program *any person confined in jail who has been* arrested for, charged with, *convicted of* or sentenced for *a crime*" (emphasis added). While we do not address a sheriff's authority to place Eastman on monitored home detention under the facts of this case, we note that the language of § 302.425 appears to make the home detention alternative available to sheriffs in a broad range of custodial circumstances. *Compare* § 973.03(4)(a), STATS. ("In lieu of a sentence of imprisonment to the county jail, a court may impose a sentence of detention at the defendant's place of residence . . . .")