STATE of Wisconsin, Plaintiff-Respondent,

v.

La Rae J. SCHELL, Defendant-Appellant.

Court of Appeals

*No. 02–1394. Submitted on briefs February 13, 2003.—Decided March 11, 2003.*

2003 WI App 78

(Also reported in 661 N.W.2d 503.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Gregory A. Parker* of *Kachinsky, Petit & Parker, LLC* of Neenah.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *John M. Daniels*, assistant district attorney of Appleton.

A nonparty brief was filed by *Joseph P. Guidote, Jr.*, corporate counsel of Appleton, on behalf of Outagamie County Sheriff, Bradley G. Gehring.

Before Cane, C.J., Hoover, P.J., and Peterson, J.[1]

¶ 1. CANE, C.J.   La Rae Schell appeals a judgment precluding her placement on home monitoring as a probation condition. After Schell was given a jail term as a condition of her probation, the sheriff released her on home monitoring. When the circuit court learned of her release, it conducted a hearing and amended the judgment to preclude Schell's placement on home monitoring, saying it never intended for Schell to be eligible for the program.

¶ 2.   The sole issue on appeal is whether a circuit court possesses the power to prohibit the sheriff from ordering home monitoring for a probationer ordered to serve jail time as a probation condition. Because the court was without the authority to preclude Schell's placement on home monitoring, we reverse that part of the amended judgment.

---

[1] Originally assigned as a one-judge appeal, this case was reassigned to a three-judge panel on February 21, 2003. *See* WIS. STAT. RULE 809.41. All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

## BACKGROUND

¶ 3.   In December 2001, Schell was convicted of three counts of encouraging a probation violation and one count of negligently allowing escape. The court withheld sentence and placed Schell on three years' probation. As a condition of probation, the court gave Schell a total of 100 days in jail with Huber privileges, ten for the escape charge and ninety for the encouraging probation violation charges.

¶ 4.   During the sentencing hearing, Schell requested home monitoring because she was a former jail employee and was concerned for her safety. The court did not specifically preclude Schell's placement on home monitoring, only saying "I note that although an argument was made about safety, I don't believe there is a safety issue on the female Huber section. I have never heard of that before. I am sure that the jail staff will be professional in the treatment of the defendant."

¶ 5.   After Schell reported to begin her time in jail, the sheriff determined Schell was appropriate for home monitoring and placed her on Outagamie County's new Global Positioning System program. Shortly thereafter, Schell's ex-husband's wife complained to the court that Schell was on home monitoring. The court then ordered Schell off the program, saying it never intended to allow Schell the option of home monitoring as part of her probation. The court granted Schell credit for the time served and stayed imposition until she could retain counsel. At a later hearing where Schell was represented, the court reaffirmed its judgment, concluding it

had the authority to prohibit home monitoring because it was an implied power of its authority to order monitoring under WIS. STAT. § 973.03(4). Schell informed the court of her intent to appeal, and the court stayed the remaining jail time pending the appeal.

## DISCUSSION

¶ 6. Schell raises two challenges to the court's decision. First, she argues the court violated the separation of powers doctrine when it modified her sentence to prohibit home detention. She contends that once a court passes sentence, it is up to the executive branch to execute that sentence. Because the sheriff has statutory authority to place her in home detention, she argues the court could not change its sentence after it learned she was in the program. Second, she argues the court erred by modifying her sentence because no new factor existed. The State responds to both arguments, claiming the court was merely clarifying its sentence.

¶ 7. The parties somewhat misframe the issue. Schell was given probation and her jail time was a probation condition. Probation and jail time as one of its conditions are generally not sentences. *State v. Fearing*, 2000 WI App 229, ¶ 6, 239 Wis. 2d 105, 619 N.W.2d 115. The parties' confusion may partly be explained by the trial court's reliance on WIS. STAT. § 973.03(4) to determine it had the power to prohibit home detention. Section 973.03 addresses county jail sentences. Probation, however, is governed by WIS. STAT. § 973.09. Thus, our analysis must focus on any

conflict between § 973.09[2] and WIS. STAT. § 302.425.[3]

¶ 8. Further, Schell frames the issue as whether

[2] WISCONSIN STAT. § 973.09 reads in relevant part:

Probation. (1) (a) Except as provided in par. (c) or if probation is prohibited for a particular offense by statute, if a person is convicted of a crime, the court, by order, may withhold sentence or impose sentence under s. 973.15 and stay its execution, and in either case place the person on probation to the department for a stated period, stating in the order the reasons therefor. The court may impose any conditions which appear to be reasonable and appropriate. The period of probation may be made consecutive to a sentence on a different charge, whether imposed at the same time or previously. If the court imposes an increased term of probation, as authorized under sub. (2) (a) 2. or (b) 2., it shall place its reasons for doing so on the record.

. . . .

(d) If a person is convicted of an offense that provides a mandatory or presumptive minimum period of one year or less of imprisonment, a court may place the person on probation under par. (a) if the court requires, as a condition of probation, that the person be confined under sub. (4) for at least that mandatory or presumptive minimum period . . . .

. . . .

(3) (a) Prior to the expiration of any probation period, the court, for cause and by order, may extend probation for a stated period or modify the terms and conditions thereof.

. . . .

(4) (a) The court may also require as a condition of probation that the probationer be confined during such period of the term of probation as the court prescribes, but not to exceed one year. The court may grant the privilege of leaving the county jail, Huber facility, work camp, or tribal jail during the hours or periods of employment or other activity under s. 303.08 (1) (a) to (e) while confined under this subsection.

[3] WISCONSIN STAT. § 302.425 reads in relevant part:

(2) SHERIFF'S OR SUPERINTENDENT'S GENERAL AUTHORITY. Subject to the limitations under sub. (3), a county sheriff or a superintendent

847

the court may modify its judgment after turning her over to serve her jail time solely because the court learned the sheriff had placed her on home detention. She relies on *State v. Horn*, 226 Wis. 2d 637, 594 N.W.2d 772 (1999). There, our supreme court, in upholding the process of administrative probation revocation against a separation of powers challenge, noted that after a court imposes probation, the adversary system has terminated and the administrative process of the executive branch, directed to the correctional and rehabilitative aspects of probation, is substituted in its place. *Id.* at 650. If we were to resolve the issue as presented, we would be required to weigh this general proposition against the trial court's broad power to modify the terms and conditions of probation prior to its expiration. Wis. Stat. § 973.09(3)(a).

---

of a house of correction may place in the home detention program any person confined in jail who has been arrested for, charged with, convicted of or sentenced for a crime. The sheriff or superintendent may transfer any prisoner in the home detention program to the jail.

. . . .

**(3)** PLACEMENT OF A PRISONER IN THE PROGRAM. If a prisoner described under sub. (2) and the department agree, the sheriff or superintendent may place the prisoner in the home detention program and provide that the prisoner be detained at the prisoner's place of residence or other place designated by the sheriff or superintendent and be monitored by an active electronic monitoring system. The sheriff or superintendent shall establish reasonable terms of detention and ensure that the prisoner is provided a written statement of those terms, including a description of the detention monitoring procedures and requirements and of any applicable liability issues. The terms may include a requirement that the prisoner pay the county a daily fee to cover the county costs associated with monitoring him or her. The county may obtain payment under this subsection or s. 302.372, but may not collect for the same expenses twice.

¶ 9. Instead, we choose to frame the issue differently; namely, whether a trial court possesses the power to prohibit the possibility of home monitoring for a probationer ordered to serve jail time as a probation condition. In other words, we must determine whether the trial court violated the separation of powers doctrine when it prohibited the sheriff from placing Schell on home monitoring. We reframe the issue for two reasons. First, the trial court explained it intended to prevent Schell's placement on home monitoring as an original probation condition and that it was clarifying that condition at the second hearing. Second, addressing this issue will allow us to give guidance to courts, sheriff's departments, criminal defendants and prosecutors as home monitoring increasingly becomes an option.

¶ 10. Whether the court's order violated the separation of powers doctrine is a constitutional question we review independently. *See Horn*, 226 Wis. 2d at 642.[4] We must first determine the scope of the court's and the sheriff's authority under Wis. Stat. § 973.09 and Wis. Stat. § 302.425. Statutory interpretation is a question of law we review independently. *State v. Isaac J.R.*, 220 Wis. 2d 251, 255, 582 N.W.2d 476 (Ct. App. 1998).

¶ 11. Wisconsin Stat. § 302.425(2) gives the sheriff the authority to place in a home monitoring program "any person confined in jail who has been arrested for, charged with, convicted of or sentenced for a crime." In addition, the sheriff may transfer any person in the home monitoring program to the county jail. *Id.*

---

[4] We invited the attorney general to file a brief in this matter because of the constitutional issue it presented. The attorney general declined our invitation.

849

Whether a sheriff may place on home monitoring a probationer ordered to serve jail time was left unresolved in *State v. Eastman*, 220 Wis. 2d 330, 339, 582 N.W.2d 749 (Ct. App. 1998). There, we determined a court could not order home monitoring instead of jail when it is required to order jail as a probation condition under Wis. Stat. § 973.09(1)(d). *Id.* at 338. Our decision focused on the court's authority to order home monitoring, and we declined to address the sheriff's power to place persons on home monitoring because the issue was not presented. *Id.* at 339.

¶ 12. We determine the plain language of Wis. Stat. § 302.425 allows the sheriff to place persons on home monitoring when they are given jail time as a probation condition. Section 302.425(2) allows the sheriff to place on home monitoring "any person confined in jail who has been . . . convicted of . . . a crime." Schell, and any other person ordered to serve jail time as a probation condition, falls within the statute's language.

¶ 13. Trial courts are generally allowed to impose probation as an alternative to sentencing a person convicted of a crime. *See* Wis. Stat. § 973.09; *Fearing*, 2000 WI App 229 at ¶ 6. Section 973.09 gives trial courts broad power over the terms and conditions of probation, allowing the court to set any terms "which appear to be reasonable and appropriate" and to modify these terms and conditions "for cause and by order." Wis. Stat. § 973.09(1)(a), (3)(a). The court may order a probationer to serve time in jail as a probation condition. Wis. Stat. § 973.09(4). The court may also order a probationer placed on home monitoring, unless that person is required to serve a jail term as a probation condition under § 973.09(1)(d). *See Eastman*, 220 Wis. 2d at 338. The theory of the probation statute is to

rehabilitate the defendant and protect society without placing the defendant in prison. *See State v. Hays*, 173 Wis. 2d 439, 445, 496 N.W.2d 645 (Ct. App. 1992). Also, "inherent within the probation statute is the court's continued power to effectuate the dual purposes of probation, namely, rehabilitating the defendant and protecting society, through the court's authority to modify or extend probationary terms." *State v. Sepulveda*, 119 Wis. 2d 546, 554, 350 N.W.2d 96 (1984).

¶ 14.   We now turn to whether the court's amended judgment violated the separation of powers doctrine. This doctrine, while not explicitly set forth in the Wisconsin Constitution, is implicit in the division of governmental powers among the judicial, legislative and executive branches. *State ex rel. Friedrich v. Dane County Cir. Ct.*, 192 Wis. 2d 1, 13, 531 N.W.2d 32 (1995). The constitutional powers of each branch fall into two categories:   exclusive and shared powers. *Id.* at 13–14. No branch may intrude on the exclusive powers of another. *Id.* at 13. Shared powers lie at the intersections of these exclusive core constitutional powers and are not confined to any one branch. *Horn*, 226 Wis. 2d at 643. The branches may exercise power within these intersections, but may not unduly burden or substantially interfere with another branch. *Friedrich*, 192 Wis. 2d at 14.

¶ 15.   Probation is within the shared powers of all three branches of government and each branch plays a role. *Horn*, 226 Wis. 2d at 648. The legislature has constitutional authority to offer probation as an alternative to sentencing, the judiciary has authority to impose probation and set its terms and conditions, and the executive branch has the authority to administer

probation. *Id.* at 646. Here, the legislature has specifically authorized sheriffs, members of the executive branch, to release persons in their custody on home monitoring. The legislature has also authorized the judiciary to impose reasonable and appropriate probation conditions. We must determine, then, whether the court's preclusion of Schell's placement on home monitoring substantially interferes with the sheriff's authority to place persons in his or her custody on home monitoring. We conclude it does.

¶ 16.   Whether a circuit court sentences a defendant to prison or imposes probation, "the adversary system has terminated and the administrative process, vested in the executive branch of the government, directed to the correctional and rehabilitative processes of the parole and probation system has been substituted in its place." *Id.* at 650. Part of this administrative process is the sheriff's authority to manage the county jail. *See, e.g.,* WIS. STAT. § 59.27(1) (sheriff has duty to take charge of persons sent to county jail). WIS. STAT. § 302.425 is part of this authority. By precluding the sheriff from releasing Schell on home monitoring, the trial court substantially interfered with the sheriff's power.

¶ 17.   In *Skow v. Goodrich*, 162 Wis. 2d 448, 451, 469 N.W.2d 888 (Ct. App. 1991), we upheld the constitutionality of a Department of Corrections program releasing prisoners to relieve overcrowding. The program allowed the department to release prisoners using a procedure other than mandatory release or discretionary parole. *Id.* at 450. Rejecting a separation of powers challenge to the regulation, we concluded the department was not interfering with the trial court's sentencing authority. *Id.* at 452. We noted the program was

similar to the ordinary probation and parole system and said the program does nothing more than "regulate the manner in which a defendant serves his or her sentence," adding the "regulation of the timing and method of release from prison to parole is well within the department's powers." *Id.* at 451–52.

¶ 18.   Similarly, WIS. STAT. § 302.425 allows the sheriff to regulate the manner in which persons serve time in county jails. Although it could be argued that the court required Schell to actually serve her jail time in jail and the sheriff's release unconstitutionally usurps the court's authority, we disagree. The corrections program in *Skow* allowed the department to shorten confinement time to less than the court's sentence. *Id.* at 451. There, the department's actions would directly undermine the sentencing court's authority, but did not violate the separation of powers doctrine. Here, the legislature has authorized sheriffs to release persons confined in county jails on home monitoring. Arguably, this undermines the court's authority to require, among other things, that a probationer's jail time actually be served in jail. It does not, however, violate the separation of powers doctrine.

¶ 19.   Finally, public policy considerations support our conclusion. The decision to place a person on home monitoring is no doubt informed by the particular safety, budgetary and space constraints of each sheriff's office and county jail. The sheriff, perhaps more than any other person, is in the best position to undertake these analyses. The legislature has determined that the judiciary is best situated to determine whether and how to place a person on probation. It is not similarly well suited to oversee the various decisions attendant to the execution of a county jail term. The legislature has left county jail oversight to the sheriff, and the trial court's

853

decision to prevent home monitoring when jail time is ordered as a probation condition interferes with those responsibilities.

¶ 20. Therefore, we reverse that part of the amended judgment prohibiting the sheriff from exercising his/her discretion to place Schell on the home monitoring program.

*By the Court.*—Judgment reversed in part.