STATE of Wisconsin,
Plaintiff-Respondent,

v.

Thomas R. GALECKE,
Defendant-Appellant.

Court of Appeals

*No. 2004AP779–CR. Submitted on briefs September 7, 2004.
—Decided June 30, 2005.*

2005 WI App 172

(Also reported in 702 N.W.2d 392.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *John P. Runde* of *Terwilliger, Wakeen, Piehler & Conway, S.C.*, Wausau.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael C. Sanders*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Dykman, Lundsten and Higginbotham, JJ.

¶ 1. HIGGINBOTHAM, J.   Thomas R. Galecke appeals an order of the circuit court requiring him, as a condition of probation, to refuse electronic monitoring while incarcerated in the Outagamie County jail or, in the alternative, withdrawing the court's permission that Galecke serve his jail time in a different county. Galecke argues the circuit court was without the authority to impose such an order. We reverse the order of the circuit court.

## FACTS[1]

¶ 2. Galecke pled no contest to one count of forgery, in violation of WIS. STAT. § 943.38(1)(a) (2003–04),[2] and one count of theft, in violation of WIS. STAT. § 943.20(1)(b). He had originally been charged with nine counts of theft by an employee and a single count of forgery, all stemming from his embezzlement from his former employer, Plover Trucking & Lime, Inc. As a result of plea negotiations, Galecke entered pleas to the aforementioned two counts; the maximum penalties for these counts totaled fifteen years, nine months in prison and $20,000 in fines.

¶ 3. At sentencing, the circuit court termed the crimes "serious" and determined the community needed protection from the "dishonest acts of an employee" and Galecke's rehabilitative needs included restitution. Nonetheless, while the circuit court concluded the seriousness of Galecke's crimes might warrant imprisonment, it further concluded a prison sentence was unnecessary.

¶ 4. However, the circuit court made clear some incarceration was appropriate:

> I think there should be incarceration because

---

[1] Galecke has not provided any citations to the record to corroborate the facts set out in his briefs. Such failure is a direct violation of WIS. STAT. RULE 809.19(1)(d) (1999–2000) of the Rules of Appellate Procedure which requires parties to set out facts "relevant to the issues presented for review, *with appropriate references to the record.*" (Emphasis added.) An appellate court is improperly burdened where briefs fail to properly cite to the record. *See Meyer v. Fronimades*, 2 Wis. 2d 89, 93–94, 86 N.W.2d 25 (1957). In addition, Galecke failed to file a reply brief and supplied no explanation for said failure.

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

<br>

you've got a serious crime, and if the Court did not impose some form of incarceration here, then I think the Court has neglected that first consideration of seriousness of the crime . . . .

. . . .

So the Court does intend to impose some type of a county jail sentence with release for going to work and release for going to and attending counseling.

The circuit court withheld sentence on each conviction and ordered ten years' probation on the forgery charge and three years' concurrent probation on the theft charge. The court imposed numerous probation conditions, including that Galecke "serve 270 days in the county jail." The circuit court granted work release privileges so Galecke could attend work and counseling. The circuit court also allowed Galecke to serve his confinement "in Outagamie County or any other county jail that is close enough to his employment . . . ." The circuit court further noted restitution would be set in a future order.

¶ 5. Shortly thereafter the circuit court learned, via a letter from the victims in this case, Galecke had been placed on home detention by the Outagamie County sheriff. The circuit court ordered a probation review and held a hearing. The circuit court expressed surprise at the Outagamie County sheriff's decision to place Galecke on home monitoring: "What this Court – what I'm concerned about here is that this Court did not authorize home detention." While the circuit court acknowledged the Outagamie County sheriff had the authority to place Galecke on home detention, the court indicated the Portage County sheriff "does not let persons out on home detention unless the Court directs that the person be released on home detention."

¶ 6. Galecke pointed out, pursuant to *State v. Schell*, 2003 WI App 78, 261 Wis. 2d 841, 661 N.W.2d 503, the circuit court had no authority to "tell the sheriff or to tell the Probation and Parole whether they can or cannot put somebody on home detention . . . ." The circuit court agreed and ordered Galecke, as a condition of probation, to refuse home detention. Alternatively, the circuit court stated in its oral decision it would "withdraw the permission to serve the sentence in another county." The circuit court memorialized this order in writing:

> IT IS HEREBY ORDERED THAT the Judgment of Conviction in this matter be amended to reflect that the defendant shall report to the Outagamie County jail and refuse electronic monitoring or, continue his confinement in the Outagamie County jail as a condition of probation or, in the alternative, return to the Portage County jail to serve 270 days as a condition of probation.

The circuit court granted Galecke's request for a stay of this order. Galecke appeals.

## DISCUSSION

¶ 7. Galecke makes two arguments: the circuit court erred by modifying the terms of his probation requiring him to refuse participation in the home detention program and the circuit court lacked the authority to transfer Galecke from the Outagamie County jail to the Portage County jail. The State claims the circuit court acted properly by requiring Galecke to withdraw his consent to participation in the home detention program because the requirement was imposed as a condition of his probation, a requirement the circuit court is entitled to impose under WIS. STAT.

695

§ 973.09(3)(a). The State also contends the circuit court is not actually transferring Galecke from the Outagamie County jail to the Portage County jail but rather the circuit court is merely withdrawing its permission for Galecke to serve his conditional jail time in a county other than Portage County. We conclude, under our holding in *State v. Schell*, the circuit court erred by ordering Galecke, as a condition of probation, to refuse participation in the home detention program. We also conclude that because the circuit court lacks the authority under Wis. Stat. § 302.45 to order the intrastate transfer of a jail inmate, the circuit court erred by ordering, in the alternative, the transfer of Galecke from the Outagamie County jail to the Portage County jail.

*Circuit Court's Order Requiring Galecke to Refuse Home Detention*

¶ 8.   Galecke argues that under *Schell*, the circuit court exceeded its authority by requiring Galecke to refuse participation in the home detention program as a condition of probation. We agree. In *Schell*, 261 Wis. 2d 841, we concluded the circuit court substantially interfered with the sheriff's authority to manage the county jail by precluding Schell's placement on home monitoring, thereby violating the separation of powers doctrine. *Id.*, ¶¶ 15–16. There, the sole issue on appeal was whether a circuit court possessed the power to prohibit a sheriff from ordering home monitoring for a probationer ordered to serve jail time as a probation condition. *Id.*, ¶ 2. Similar to the instant case, Schell was placed on probation and ordered to serve jail time as a condition of probation. *Id.*, ¶ 3. The sheriff released Schell on home monitoring. *Id.*, ¶ 5. When the circuit

court learned of her release, it amended the judgment of conviction precluding Schell's placement on home monitoring, saying it never intended for Schell to participate in the home detention program. *Id.*, ¶¶ 1, 5. We reversed the circuit court concluding, "By precluding the sheriff from releasing Schell on home monitoring, the trial court substantially interfered with the sheriff's [statutorily conferred] power" to manage the jail. *Id.*, ¶ 16.

¶ 9.  In this case, the circuit court acknowledged our holding in *Schell*. Then, in an effort to effectuate its sentencing goal that Galecke serve jail time, the circuit court attempted to accommodate *Schell*'s prohibition by ordering Galecke to refuse home monitoring. Thus the appellate issue raised here is whether the circuit court can avoid the holding in *Schell* by modifying the conditions of probation ordering Galecke to refuse home monitoring. For the same reasons stated in *Schell*, we conclude the circuit court may not.

¶ 10.  WISCONSIN STAT. § 302.425(2)[3] gives the county sheriff the discretion to place a defendant in the home detention program, including defendants ordered to serve jail time as a condition of probation. *Schell*, 261 Wis. 2d 841, ¶ 12. The statute plainly does not give any authority to the circuit court to determine which defendants are permitted to participate in the home detention program; the sheriff manages the jail, the court does not. *See id.*, ¶ 16.

---

[3] WISCONSIN STAT. § 302.425(2) states

SHERIFF'S OR SUPERINTENDENT'S GENERAL AUTHORITY. Subject to the limitations under sub. (3), a county sheriff or a superintendent of a house of correction may place in the home detention program any person confined in jail who has been arrested for, charged with, convicted of or sentenced for a crime. The sheriff or superintendent may transfer any prisoner in the home detention program to the jail.

¶ 11. Although the circuit court in this case did not directly order the Outagamie County sheriff to terminate Galecke from the home monitoring program, which we concluded in *Schell* it could not do, the circuit court understandably sought to achieve its sentencing objectives by ordering Galecke to inform the sheriff he no longer wished to participate in the program. The circuit court was reasonably frustrated by the fact that Galecke was able to avoid an important aspect of the court's sentencing objectives by serving his conditional jail sentence on home monitoring rather than in jail as the circuit court intended. However, we conclude the circuit court may not accomplish indirectly that which it may not achieve directly. Here, the circuit court's mandate that Galecke refuse home monitoring had the same effect as the circuit court's erroneous decision in *Schell*: nullification of the sheriff's decision. If the legislature intended to empower sheriffs with the decision-making authority regarding home monitoring, it cannot be that the legislature simultaneously intended to empower judges to override that authority by other means.[4] Moreover, the public policy reasons we

---

[4] The dissent argues the separation of powers doctrine (which served as one of the underpinnings for our holding in *State v. Schell*, 2003 WI App 78, 261 Wis. 2d 841, 661 N.W.2d 503, that the circuit court may not interfere with the sheriff's authority under Wis. Stat. § 302.425(2) to place a defendant in the home detention program), is not implicated here because "the two branches [of government] can exercise their given powers free of interference by the other branch." Dissent at ¶ 25. The dissent continues that "[t]he sheriff had no expectation that he would be able to place Galecke in the home monitoring program if Galecke refused." *Id.* There is no dispute that under § 302.425(3) Galecke could refuse to participate in the home monitoring program. That is so because the legisla-

698

considered in *Schell* continue to apply where, although there is no direct order to the sheriff to prevent a defendant from being released on home monitoring, the sheriff's discretion as to who may be released on home monitoring is frustrated by an order to the defendant to refuse participation in home monitoring. *See id.*, ¶ 19.

¶ 12. The State argues this case, while factually similar to *Schell*, is not governed by *Schell* because the circuit court's order here does not interfere with the Outagamie county sheriff's authority to manage the jail. Instead, according to the State, the circuit court imposed upon Galecke a condition of probation that he refuse home detention, which the State asserts the circuit court had the authority to do under the plain language of Wis. Stat. § 973.09(3)(a).[5] Section 973.09(3)(a) grants circuit courts the authority to modify the terms and conditions of probation of an inmate, until the expiration of the probation period.

¶ 13. We agree Wis. Stat. § 973.09(3)(a) gives circuit courts the authority to modify the terms and conditions of probation; however, the exercise of the

_____

ture gives defendants such as Galecke the discretion to refuse participation in the program. However, the legislature has not given circuit courts the authority to interfere with the sheriff's discretion to determine who participates in the home monitoring program, as we recognized in *Schell*, 261 Wis. 2d 841, ¶ 16. Thus, while we agree the sheriff cannot expect to place Galecke in the home monitoring program should Galecke refuse, the sheriff could reasonably expect, under § 302.425(2), to place Galecke in the home monitoring program, if Galecke agreed, without direct or indirect interference by the circuit court, as the court did in the instant case.

[5] WISCONSIN STAT. § 973.09(3)(a) states

Prior to the expiration of any probation period, the court, for cause and by order, may extend probation for a stated period or modify the terms and conditions thereof.

699

circuit court's authority in this case directly interfered with a sheriff's authority under Wis. Stat. § 302.425 to determine which inmates are placed in the home detention program. The clear effect of the circuit court's order to Galecke that he refuse to serve his conditional jail sentence on home monitoring is to direct that an inmate, housed in the Outagamie County jail, can not be placed in the home detention program. In this manner, the circuit court's order interferes with the sheriff's jail-oversight responsibilities, which we determined in *Schell* the circuit court could not do. *Schell*, 261 Wis. 2d 841, ¶ 19.

*Intrastate Transfer of Jail Inmates*

¶ 14.   Galecke next argues, somewhat vaguely, the circuit court interfered with the Department of Corrections' right to control and supervise probationers by withdrawing its permission for him to serve his jail sentence in Outagamie County should Galecke refuse to withdraw from the home detention program. Galecke asserts Wis. Admin. Code § DOC 328.08 grants the Wisconsin Department of Corrections exclusive control over the intrastate transfer of jail inmates. The State argues the circuit court has the statutory authority to order confinement to a county jail as a condition of probation pursuant to Wis. Stat. § 973.09(4)(a);[6] the State also argues the circuit court has the authority to modify

---

[6] Wisconsin Stat. § 973.09(4)(a) states, in relevant part:

> The court may also require as a condition of probation that the probationer be confined during such period of the term of probation as the court prescribes, but not to exceed one year. The court may grant the privilege of leaving the county jail, Huber facility, work camp, or tribal jail during the hours or periods of employment or other activity under s. 303.08(1) while confined

conditions of probation pursuant to § 973.09(3)(a). Consequently, the State argues, the circuit court properly modified Galecke's condition of probation by requiring him to return to the Portage County jail should Galecke insist on staying in the home detention program in Outagamie County.

¶ 15. We believe the central question is, whether the sentencing court, once defendant is serving time in a county jail, have the authority to transfer that defendant to another county jail. We conclude the State has failed to identify a source of authority authorizing the circuit court to return Galecke to the Portage County jail.[7]

¶ 16. WISCONSIN STAT. § 302.45(1) governs the intrastate transfer of jail inmates. The statute provides, in part,

> The department and any county or group of counties may contract for the cooperative establishment and use of state-local shared correctional facilities. Inmates

> under this subsection . . . . In those counties with a Huber facility under s. 303.09, the sheriff shall determine whether confinement under this subsection is to be in that facility or in the county jail . . . .

---

[7] This case suggests a more fundamendal question: Does the circuit court have the authority to sentence a defendant to an out-of-county jail? Neither party addresses this question. In general, circuit courts sentence defendants to the county jail located in the county where the crime was committed. As we explain, a circuit court may sentence a defendant to jails in other counties pursuant to the authority vested in them by WIS. STAT. §§ 973.03(1) and 302.34. However, neither statute vests the circuit court with the authority to directly sentence a defendant to a jail located in a different county when a "suitable" jail is located in the instant county nor do we find any clear statutory authority to do so. In any event, since the parties do not raise this question, we do not presume to answer it here.

701

sentenced to the Wisconsin state prisons, a county jail, a county reforestation camp or a county house of correction may be transferred to a shared facility by the department, sheriff or superintendent, respectively, under the agreement covering use of the facility . . . .

WISCONSIN STAT. § 302.45 makes no reference to circuit courts transferring inmates from one county jail to another and thus, provides no authority for the circuit court's order in this case. A portion of the prefatory note to 1983 Wisconsin Act 332, which created what is now § 302.45, supports this interpretation:

> *Proposed changes:* This proposal creates a statutory provision that gives specific authority to the department of health and social services (department) and to counties to contract for the establishment and joint use of correctional facilities to house offenders sentenced to prison, a county jail, a county reforestation camp or the Milwaukee county house of correction . . . .
>
> Inmates may not be sentenced by a court directly to the shared facility. However, they may be transferred to the shared facility from the Wisconsin state prisons by the department; from a county jail, reforestation camp or rehabilitation facility by the sheriff or superintendent . . . .

¶ 17. The State argues the circuit court had the authority to order Galecke back to the Portage County jail as a change in the conditions of his probation under WIS. STAT. § 973.09(3)(a). We again recognize § 973.09(3)(a) authorizes a circuit court to change the conditions of probation. However, the State misconstrues the issue. What the circuit court did by ordering Galecke to return to the Portage County jail was to essentially issue an order to the sheriffs of Outagamie

702

and Portage counties. Section 973.09(3)(a) provides no authority for issuing orders to county sheriffs to transfer prisoners from one county jail to another. We therefore conclude the circuit court erred by ordering Galecke transferred to the Portage County jail from the Outagamie County jail.

*By the Court.*—Order reversed.

¶ 18. DYKMAN, J. (*dissenting*). The legislature has given trial courts the authority to place convicted defendants on probation. WIS. STAT. § 973.09(1)(a) (2003–04).[1] "The court may impose any conditions which appear to be reasonable and appropriate." *Id.* "Prior to the expiration of any probation period, the court, for cause and by order, may extend probation for a stated period or modify the terms and conditions thereof." Section 973.09(3)(a).

¶ 19. The legislature has given sheriffs the authority to release prisoners in the sheriff's care to home detention, if the prisoner agrees. WIS. STAT. § 302.425(2) and (3). The legislature has given trial courts similar authority. WIS. STAT. § 973.03(4)(a). The sheriff may transfer the prisoner between home detention and jail. Section 302.425(2).

¶ 20. The State has cited no authority permitting trial courts to impose a jail sentence which negates the sheriff's home detention determination other than the following in *State v. Schell,* 2003 WI App 78, ¶ 18, 261 Wis. 2d 841, 661 N.W.2d 503: "Here, the legislature has authorized sheriffs to release persons confined in county jails on home monitoring. Arguably, this undermines the court's authority to require, among other

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

things, that a probationer's jail time actually be served in jail." *Schell* cites no authority for this assertion. The State did not petition the supreme court to review *Schell*.

¶ 21. *Schell* examined a conflict between a court's authority to rescind its order placing a defendant on home detention and the sheriff's authority to place a defendant on home detention. In effect, the court ordered that Schell not be placed on home detention notwithstanding the sheriff's decision to place Schell on home detention. It was impossible to follow the instructions of both the sheriff and the trial court. We concluded that this situation required us to consider the doctrine of separation of powers. We held that the court's preclusion of Schell's placement on home monitoring substantially interfered with the sheriff's authority to place prisoners on home monitoring. As a result, the court's order violated the doctrine of separation of powers. *Schell*, 261 Wis. 2d 841, ¶ 15.

¶ 22. While we made the choice in *Schell* that the court invaded the sheriff's shared authority, the choice was simply that. We could have as easily concluded that the sheriff's authority unduly burdened or substantially interfered with the court's sentencing authority. However, *Schell* is written in stone, and I consider this issue no further. *Cook v. Cook*, 208 Wis. 2d 166, 189–190, 560 Wis. 2d 246 (1997). But the conflict between the executive and judicial branches that existed in *Schell* is not present here.

¶ 23. The legislature has given the sheriff the authority to place prisoners on home detention, but with a limitation: The prisoner must agree to being placed on home detention. Thus, the sheriff's authority is not absolute, and whatever other circumstances exist, the sheriff may not place an unwilling prisoner on

home detention. The legislature has not placed restrictions on prisoner's decisions to withhold consent to home detention. There is nothing a sheriff can do to place an unwilling prisoner on home detention.

¶ 24. Trial courts' authority to make and rescind conditions of probation is broad; it includes "any condition which appears to be reasonable and appropriate." WIS. STAT. § 973.09(1)(a). The power to rescind those conditions is even broader, limited only by the requirement that the court have cause to do so. Section 973.09(3)(a). The legislature has not limited the court's power to those conditions approved by the sheriff.

¶ 25. The appropriate separation of powers inquiry here is, whether the powers of two branches of government overlap, and if they do, whether one branch has unduly burdened or substantially interfered with another branch. *Flynn v. Department of Administration*, 216 Wis. 2d 521, 546, 576 N.W.2d 245 (1998). Galecke does not meet the first requirement, let alone the second. The trial court did nothing to invade the sheriff's authority. It did not order the sheriff to do anything, and its order did not contravene a statutory authority of the sheriff as it did in *Schell*. Here, the two branches can exercise their given powers free of interference by the other branch. The sheriff had no expectation that he would be able to place Galecke in the home monitoring program if Galecke refused. Though the majority claims that the sheriff has "discretion to determine who participates in the home monitoring system," majority, ¶ 11 n.4, that is not the whole story. The sheriff cannot exercise discretion to force an unwilling prisoner into home detention. A court cannot interfere in discretion that a sheriff lacks. Indeed, by holding that the separation of powers doctrine prohibited the trial court from modifying the conditions of

705

Galecke's probation, the majority has concluded that the executive branch may unduly burden and substantially interfere with the judicial branch's authority to modify a probationer's conditions of probation.

¶ 26. Nor do I agree with the majority's conclusion that the trial court lacked authority to transfer Galecke from the Outagamie County jail to the Portage County jail. As I read the majority's decision, it concludes that the State misconstrues the issue of the trial court's authority to transfer Galecke from the Outagamie County jail to the Portage County jail as a modification of Galecke's conditions of probation. It is not the State that misconstrues the issue. The majority does not question the trial court's authority to sentence Galecke to jail as a condition of probation.[2] WISCONSIN STAT. § 973.09(4)(a) clearly gives trial courts that power. But the statute goes further: "The court may also require as a condition of probation that the probationer be confined during the period of the term of probation *as the court prescribes,* but not to exceed one year." (Emphasis added.)

¶ 27. The majority concludes that the court ordered two sheriffs to do something. The court did no such thing. It prescribed a condition of probation, something Wisconsin trial judges do every day.

¶ 28. This issue is too important to trial courts, sheriffs, and prosecution and defense attorneys to decide without the benefit of briefing as to the meaning of "as the court prescribes" as that phrase is used in WIS. STAT. § 973.09(4)(a). Does it mean that the trial court

---

[2] I recognize that probation is not a sentence. *See State Dept. of Corrections v. Schwarz,* 2005 WI 34, ¶ 28, 279 Wis. 2d 223, 693 N.W.2d 703. I use the word "sentence" to avoid repeating the more accurate but cumbersome "order a probationer confined to the county jail."

can sentence a defendant to any county jail? Does the court have inherent authority to sentence to jails outside the county in which the court sits? Are trial courts powerless to do more than sentence criminals to the jail of their county? Is there a difference in trial courts' authority depending on whether they are initially setting conditions of probation or amending conditions of probation? These are important questions that should be answered after briefing. Without adequate briefing, the majority has concluded that trial courts are issuing illegal orders to sheriffs when they order, as a modification of a condition of probation, a probationer to report to the jail of the county where the probationer was sentenced. Without briefing, I cannot join that conclusion. Before I would reach a result of this sort, I would order the parties to brief the issue.

¶ 29.   I conclude that the majority's constitutional analysis arrives at an unnecessary conclusion, and that its statutory analysis should be undertaken with the benefit of further briefing. Accordingly, I respectfully dissent.