JAMES F. CLARK, Legal Counsel Wisconsin Association of SchoolBoards
You asked what effect subch. IV of ch. 19, Stats., entitled "Open Meetings of Governmental Bodies," has on the provisions of sec. 118.22(3), Stats.
 Section 118.22(3), Stats., provides: *Page 212 
 "At least 15 days prior to giving written notice of refusal to renew a teacher's contract for the ensuing school year, the employing board shall inform the teacher by preliminary notice in writing that the board is considering nonrenewal of the teacher's contract and that, if the teacher files a request therefor with the board within 5 days after receiving the preliminary notice, the teacher has the right to a private conference with the board prior to being given written notice of refusal to renew his contract."
Specifically you ask the following questions:
 "Question 1: Is the `private conference' a `meeting' within s. 19.82(2), stats.?"
Subchapter IV of ch. 19, Stats., applies to every "governmental body" defined by sec. 19.82(1), Stats., holding "meetings" as defined by sec. 19.82(2), Stats. Section 118.22(3), Stats., grants the teacher a right to a private conference with the "board," not merely a conference with a representative of the board. A school board convening under sec. 118.22(3), Stats., is holding a meeting "for the purpose of exercising the responsibilities, authority, power or duties delegated to or vested in the body" (sec. 19.82(2), Stats.), and therefore, is subject to the provisions of subch. IV of ch. 19, Stats.
 "Question 2: If so, is the proper purpose for convening the `private conference' in closed session the consideration of employment under s. 19.85(1)(c), stats., or the consideration of dismissal under s. 19.85(1)(b)? Please note that the Wisconsin Supreme Court has characterized `nonrenewal' as not re-hiring, while `dismissal' means to remove from employment, as by discharge. Hortonville Education Association v. Joint School District No. 1, 66 Wis.2d 469, 481 (1975); Richards v. Board of Education, 58 Wis.2d 444, 460b (1973); and Millar v. Joint School District, 2 Wis.2d 303, 312 (1957)."
The first stage in the usual nonrenewal case is properly a matter for a closed session under sec. 19.85(1)(c), Stats.[1] The board should *Page 213 
give notice of the meeting with the agenda item that the board will convene in closed session, pursuant to sec. 19.85(1)(c), Stats., to consider the nonrenewal of teacher contract or contracts. The procedure for convening in closed session in sec.19.85(1), Stats., should be followed. Names need not be given and no notice need be given, at this stage, to individuals involved. where no charges have been made which will be investigated. Nonrenewal is "Considering employment" and it is proper to consider performance evaluation data. The board can determine which teacher contracts it tentatively intends not be renewed in closed session.
The second stage of nonrenewal proceedings is the procedure under sec. 118.22(3) involving notice to the individual teacher and an opportunity for a private conference. Notice of this conference must be given under sec. 118.22(3), Stats., to the individual teacher. The teacher has a right to a private conference before there is any final determination of nonrenewal and before written notice of nonrenewal is given. Nonrenewal not based on charges is not dismissal in the usual sense. HortonvilleEd Asso. v. Joint Sch. Dist. No. 1, 66 Wis.2d 469, 481,225 N.W.2d 658 (1975). When a school board proceeds under sec.118.22, Stats., to consider the renewal of a contract of a nontenured teacher, it is considering an employment relation, and a "hearing" is not required unless charges are made which damage his or her good name, reputation, honor or integrity or when refusal to reemploy imposes stigma or other disability. Richardsv. Board of Education, 58 Wis.2d 444, 206 N.W.2d 597 (1973).
The question remains, however, whether the word "dismissal" in sec. 19.85(1)(b) should be given a broader meaning allowing the teacher in a private conference to decide under sec. 19.85(1)(b) whether the meeting should be open to the public. The plain language of sec. 118.22(3), Stats., does not grant a right to a hearing, but rather to a private conference. Our courts have said that a nonrenewal is not a dismissal. Consequently I am of the opinion that notice is properly given under sec. 19.85(1)(c) and that a teacher does not have a right to turn such private conference into an open *Page 214 
meeting unless the test for damage or disability set forth inRichards, supra, is met.
 "Question 3: Under what circumstances or occurrences, if any, are the provisions of s. 19.85(1)(b) regarding an `evidentiary hearing' applicable to the `private conference'?"
If a nonrenewal is preceded by charges which might damage the good name, reputation, honor or integrity of a teacher or where nonrenewal may impose substantial stigma or other disability, a board should initially give notice of the meeting with an agenda item that it intends to go into closed session under both subsecs. (b) and (c) of 19.85(1), Stats. Subsection (b) is involved where the board is to investigate "charges against such person" and although nonrenewal may not be dismissal, it borders on discipline where serious charges are concerned, especially where the charges involve reputation, etc., as above. The individual would not have to have personal notice of the initial closed session (although I would recommend such notice), but would have to have actual notice of any closed session which consisted of an evidentiary hearing, or at which final action of nonrenewal were to be taken so that he or she could exercise the right to have such evidentiary hearing or meeting held in open session.
I consider the words "evidentiary hearing" as meaning a formal examination of charges by the receiving of testimony from interested persons, irrespective of whether oaths are administered, and receiving evidence in support or in defense of specific charges which may have been made. Where an evidentiary hearing is held, the parties are entitled to seasonably know the charges and claims preferred, have a right to meet such charges or claims by competent evidence, and the right to be heard by counsel upon the probative force of evidence adduced and upon the law applicable thereto.
BCL:RJV
[1] Section 19.85(1)(c) permits closed sessions for the purpose of "Considering employment, promotion, compensation or performance evaluation data of any public employe over which the governmental body has jurisdiction or exercises responsibility." *Page 215