STATE of Wisconsin EX REL. Phillip G. EPPING, Plaintiff-Appellant,

v.

CITY OF NEILLSVILLE COMMON COUNCIL and City of Neillsville Personnel Committee, Defendants-Respondents.

Court of Appeals

*No. 97–0403. Submitted on briefs January 22, 1998.—Decided April 2, 1998.*

(Also reported in 581 N.W.2d 548.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James B. Connell* of *Crooks, Low & Connell, S.C.* of Wausau.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Bradley D. Armstrong*, *Edith F. Merila* and *Paul Voelker* of *Axley Brynelson* of Madison.

Before Eich, C.J., Dykman, P.J., and Deininger, J.

DYKMAN, P.J. Phillip Epping appeals from a summary judgment in favor of the City of Neillsville Common Council and the Neillsville Personnel Committee. The trial court dismissed a declaratory judgment action against Neillsville, concluding that the City did not violate the Wisconsin Open Meetings Law when its personnel committee and common council met in closed session to consider the dismissal of Epping as public works director. Epping argues that the trial court erred in concluding that the open meetings law was not violated. We agree with the trial court that Neillsville did not violate the open meetings law. Accordingly, we affirm.

## BACKGROUND

Neillsville hired Epping on April 24, 1995, to become the City's director of public works. Epping's employment contract stated:

> [D]uring the first twelve months of this agreement, either party may terminate this agreement with thirty days written notice to the other party. After April 23, 1996, the City may only terminate the DPW as outlined in City Ordinance No. 918 until the expiration of this agreement . . . .

On April 18, 1996, Neillsville's personnel committee and common council each met in closed session. The agendas for these sessions read: "Closed session per Sec. 19.85(1)(c) Wis. Stats. to consider employment, promotion, compensation, performance or evaluation of public employees [over] which the City of Neillsville has jurisdiction or exercises responsibility, and will reconvene in open session."

During these closed sessions, the personnel committee and common council discussed Epping's job

performance. The common council then reconvened in open session, and a motion was made to terminate Epping's employment effective April 19, 1996. The motion carried. At approximately 9:20 p.m. on April 18, 1996, a termination letter was hand-delivered to Epping, informing him that his employment with the City was terminated effective April 19, 1996, at 5:00 p.m. Epping was paid for thirty days after the date of termination pursuant to the employment agreement.

Epping filed a complaint against Neillsville with the Clark County District Attorney, alleging that the City violated the open meetings law. The district attorney brought a declaratory judgment action against the City challenging the validity of the April 18, 1996 closed meetings.[1] The City filed a motion for summary judgment, which the circuit court granted. Epping appeals.[2]

---

[1] The district attorney's authority to initiate this action derives from § 19.97, STATS., which states in relevant part:

> (1)  This subchapter shall be enforced in the name and on behalf of the state by the attorney general or, upon the verified complaint of any person, by the district attorney of any county wherein a violation may occur. . . .
>
> (2)  In addition and supplementary to the [forfeiture] remedy provided in s. 19.96, the attorney general or the district attorney may commence an action, separately or in conjunction with an action brought under s. 19.96, to obtain such other legal or equitable relief, including but not limited to mandamus, injunction or declaratory judgment, as may be appropriate under the circumstances.

[2] After Epping filed this appeal, Neillsville filed a motion to dismiss, arguing that Epping lacked standing to prosecute the appeal because he was not a party to the circuit court action. We denied the City's motion, concluding that Epping has the requisite standing.

## STANDARD OF REVIEW

We review summary judgments *de novo*, using the same methodology as the trial court. *Reel Enters. v. City of La Crosse*, 146 Wis. 2d 662, 666–67, 431 N.W.2d 743, 745–46 (Ct. App. 1988). Under § 802.08(2), STATS., we examine the pleading, affidavits and other proofs to determine whether a genuine issue exists as to any material fact and whether the moving party is entitled to judgment as a matter of law. Doubts as to the existence of a genuine issue of material fact are resolved against the moving party. *Grams v. Boss*, 97 Wis. 2d 332, 338–39, 294 N.W.2d 473, 477 (1980). On summary judgment, the court does not decide issues of fact; it determines whether there is a genuine issue of fact. *Id.* at 338, 294 N.W.2d at 477.

## DISCUSSION

The personnel committee and common council held closed meetings on April 18, 1996, pursuant to § 19.85(1)(c), STATS. This section provides: "A closed session may be held for . . . [c]onsidering employment, promotion, compensation or performance evaluation data of any public employe over which the governmental body has jurisdiction or exercises responsibility."

Epping argues that Neillsville violated the open meetings law during its closed sessions of April 18, 1996. He contends that § 19.85(1)(c), STATS., does not apply here because the personnel committee and common council met to consider his dismissal, not to discuss his job performance. Epping argues that § 19.85(1)(b) would have been the applicable exception. Under this section, a closed session may be held for:

Considering dismissal . . . of any public employe . . . and the taking of formal action on any such matter; provided that the . . . public employe . . . is given actual notice of any evidentiary hearing which may be held prior to final action being taken and of any meeting at which final action may be taken. The notice shall contain a statement that the person has the right to demand that the evidentiary hearing or meeting be held in open session. . . .

The parties engage in a battle of semantics over whether Epping was "dismissed," thus invoking § 19.85(1)(b), STATS., or whether he was "terminated," an action arguably falling outside the ambit of § 19.85(1)(b). We do not need to decide whether Epping was "dismissed" or "terminated," however, because even if Epping was "dismissed," we conclude that the personnel committee and common council complied with § 19.85(1)(b) when they met in closed session.

Under § 19.85(1)(b), STATS., the personnel committee and common council could hold a closed session to consider Epping's dismissal as long as Epping was "given actual notice of any evidentiary hearing which may be held prior to final action being taken and of any meeting at which final action may be taken." Thus, if no evidentiary hearing or final action took place during the closed sessions, Epping was not entitled to actual notice of the meetings.[3]

---

[3] Although § 19.85(1)(b), STATS., states that the employee must be "given actual notice . . . of *any meeting* at which final action may be taken" (emphasis added), we conclude that this refers only to *closed* meetings at which final action may be taken. The next sentence of § 19.85(1)(b) reads: "The notice shall contain a statement that the person has the right to demand that the . . . meeting be held in open session." It would be absurd to require a governmental body to inform an

The term "evidentiary hearing" as it is used in § 19.85(1)(b), STATS., is not defined in the statute or by case law. The term is defined, however, in an attorney general's opinion. The attorney general, in addressing § 19.85(1)(b), stated:

> I consider the words "evidentiary hearing" as meaning a formal examination of charges by the receiving of testimony from interested persons, irrespective of whether oaths are administered, and receiving evidence in support or in defense of specific charges which may have been made. Where an evidentiary hearing is held, the parties are entitled to seasonably know the charges and claims preferred, have a right to meet such charges or claims by competent evidence, and the right to be heard by counsel upon the probative force of evidence adduced and upon the law applicable thereto.

66 Op. Att'y Gen. 211, 214 (1977) (emphasis omitted). We agree with the attorney general that an evidentiary hearing would involve the taking of testimony and the receipt of evidence.

The affidavits and other proofs submitted by the parties on summary judgment do not establish an issue of material fact as to whether an evidentiary hearing took place. The affidavit of Diane Murphy, the Mayor of Neillsville, states that when the agendas and meeting notices were prepared for the April 18, 1996 meetings, "[she] knew that Mr. Epping's job performance would be discussed at those meetings, and [she] desired [that]

---

employee that he or she has the right to demand that an open meeting be held in open session. We must construe statutes so as to avoid absurd results. *State v. Mendoza*, 96 Wis. 2d 106, 115, 291 N.W.2d 478, 483 (1980). Accordingly, we conclude that the actual notice requirement applies only to closed meetings at which final action may be taken.

closed sessions be held during those meetings to dis-
cuss his performance." She further states that she
knew Epping's employment contract "could be termi-
nated without cause prior to and until April 23, 1996,"
and that she intended "to afford both the Personnel
Committee and Common Council the opportunity to
consider Mr. Epping's performance and to evaluate
whether any action should be taken prior to April 23,
1996." According to Murphy, "Epping's job perform-
ance was discussed" during the closed sessions. The
substance of Murphy's affidavit is uncontroverted.

■

We conclude that the discussion and evaluation of
Epping's job performance and employment status dur-
ing the closed sessions was not an "evidentiary
hearing" as that term is used in § 19.85(1)(b), STATS. If
we were to conclude that "discussions" are evidentiary
hearings, we would render the term "evidentiary hear-
ing" contained in § 19.85(1)(b), STATS., superfluous
because we cannot envision a meeting at which "discus-
sions" would not take place. We must construe statutes
so as to avoid rendering any of the statutory language
superfluous. *State ex rel. Frederick v. McCaughtry*, 173
Wis. 2d 222, 226, 496 N.W.2d 177, 179 (Ct. App. 1992).
Accordingly, we conclude that an evidentiary hearing
must contain the taking of testimony and evidence, not
mere discussions.

The affidavits and proofs submitted by the parties
also do not establish an issue of material fact as to
whether final action took place during the closed ses-
sions. The final action in this case was the termination
of Epping's employment contract. According to the
minutes for the April 18, 1996 common council meet-
ing, the motion to terminate Epping's employment and
the vote on that motion occurred after the council had

reconvened in open session, not while the council was meeting in closed session.

The undisputed facts of record show that the closed sessions did not involve evidentiary hearings or the taking of any final action. Therefore, Epping was not entitled to actual notice of the closed sessions. Because the closed sessions were held in accordance with § 19.85(1)(b), STATS., we conclude that the personnel committee and common council did not violate the open meetings law.[4]

Beyond any potential rights under § 19.85(1)(b), STATS., which we have concluded were not violated, Epping did not have a due process right to an evidentiary hearing or actual notice of the closed sessions. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). "Absent civil service regulations or laws, or a contract or collective bargaining agreement, a municipal employee is an employee at will and has no property interest in employment." *Vorwald v. School Dist.*, 167 Wis. 2d 549, 557, 482 N.W.2d 93, 96 (1992). Epping's employment contract was terminable at will

---

[4] Even were we to conclude that the closed sessions violated the open meetings law, the common council's decision to terminate Epping's employment contract would stand. Section 19.97 (3), STATS., provides that "[a]ny action taken at a meeting of a governmental body held in violation of [the open meetings law] is voidable . . . ." Under this section, only actions taken during the closed sessions, not actions taken during the open session, would be voidable. The common council voted to terminate Epping's contract during an open session. Therefore, that action is not voidable under § 19.97(3).

upon thirty days' written notice by either party prior to April 24, 1996; therefore, Epping did not have a property right in his continued employment when the common council terminated him on April 18, 1996.[5]

*By the Court.*—Judgment affirmed.

---

[5] It may well be, as Epping suggests, that as a matter of wise personnel policy or of fairness to its management and supervisory employees, the City should have given Epping notice of its intended "performance review," and perhaps even extended to him the courtesy of addressing the personnel committee or the common council prior to their deliberations or final action. These are policy matters committed to the discretion of the City's governing body; these are not matters within the jurisdiction of the circuit court or this court to review.