Barbara SANDS, Plaintiff-Respondent,†

v.

The WHITNALL SCHOOL DISTRICT,
Defendant-Appellant.

Court of Appeals

*No. 2005AP1026. Oral argument October 3, 2006.*
*—Decided December 27, 2006.*

2007 WI App 3

(Also reported in 728 N.W.2d 15.)

† Petition to review filed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jeffrey A. Schmeckpeper* of *Kasdorf, Lewis & Swietlik, S.C.*, Milwaukee. There was oral argument by *Jeffrey A. Schmeckpeper*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Thomas Nelson* of *Hawks, Quindel, Ehlke & Perry S.C.*, Milwaukee. There was oral argument by *Thomas A. Nelson*

Before Wedemeyer, P.J., Curley and Kessler, JJ.

¶ 1. WEDEMEYER, P.J.   The Whitnall School District appeals from a non-final order of the circuit court requiring the District to provide answers to discovery interrogatories from Barbara Sands, Ph.D., regarding the substance of the discussion held during a closed session school board meeting.[1] The District contends

---

[1] On August 4, 2005, we granted the District's petition to appeal from the non-final order. All trial court proceedings have been stayed pending resolution of this appeal.

that the trial court erred in compelling it to answer Sands's discovery requests seeking the substance of the discussions which took place in two closed school board meetings. Because the substance of what takes place in a closed meeting is privileged from disclosure and non-discoverable, we reverse the order of the trial court and remand for further proceedings consistent with this opinion.

## BACKGROUND

¶ 2. In August 1998, Sands was hired by the Whitnall School District as the supervisor/facilitator of the District's Gifted and Talented Education Program. As relevant to this dispute, Sands signed a contract with the District for the term commencing July 1, 2001, and ending on June 30, 2002. The District alleges that during that time period, Sands's job performance was considered unsatisfactory, and the efforts by the District to work with Sands to improve her job performance were unsuccessful.

¶ 3. As a result, the school board met in closed session on April 29, 2002, and May 13, 2002, and discussed Sands's employment with the District. Both closed sessions were noticed and conducted pursuant to WIS. STAT. § 19.85(1)(c) (2001–02).[2] The board subsequently met in open session on May 13, 2002, and voted not to offer Sands a contract of employment for the 2002–03 school year. This decision was communicated to Sands on or after May 16, 2002.

¶ 4. On April 24, 2004, Sands filed suit against the District, alleging that the District failed to comply with WIS. STAT. § 118.24(6), which requires an "administra-

---

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

tor" to receive four months' notice of the District's intent not to renew his or her contract of employment. The District denied that Sands was an administrator, and therefore contended that no violation of the notice requirements occurred.

¶ 5. During discovery in this case, the District produced all documents relating to the decision not to offer Sands a contract, all documents relating to her job performance, and all documents relating to whether Sands was an administrator. The District refused to answer all or part of three interrogatories, which sought the content from the two closed sessions held by the board/district. The three interrogatories at issue, together with the District's answers, are set forth below.

INTERROGATORY NO. 2: Separately, for each person identified in response to interrogatory 1 [those present at the closed sessions], state the substance of the person's knowledge about the decision not to renew Dr. Sands' contract.

ANSWER: Each of the individuals identified in answer to interrogatory 1, except Dr. Petric, were members of the Whitnall School Board and all were present during the Whitnall School Board's deliberations concerning the employment of Dr. Sands. Those deliberations occurred in closed session, are privileged and not subject to discovery pursuant to § 19.85(1)(c), Stats., and the deliberative process privilege. The motion and vote, which was the decision of the board, is reflected on Exhibit H hereto.

. . . .

INTERROGATORY NO. 5: Identify each person who spoke during the deliberations that resulted in the school board's decision not to renew Dr. Sands' contract.

ANSWER: During the public meeting on May 13,

2002 then counsel for Dr. Sands addressed the Whitnall School Board on the issue of Dr. Sands' employment. All other discussions occurred during the Board's closed session deliberations and are therefore not subject to discovery pursuant to § 19.85(1)(c), Stats., and the deliberative process privilege.

INTERROGATORY NO. 6: Separately for each person identified in response to question 5, above, state the substance of what he or she said about renewing Dr. Sands' contract.

ANSWER: See response to number 5.

In addition, Sands's counsel advised the District's counsel that he intended to depose the superintendent of the District and at least one member of the board and would question them regarding the content of the closed sessions.

¶ 6. Sands filed a motion seeking to compel answers to the interrogatories referenced above. The trial court granted the motion. The District now appeals that ruling.

## DISCUSSION

¶ 7. The issue in this case is whether Sands is entitled to the content of the closed sessions. Resolution of this issue involves statutory interpretation, which is a question of law we review independently. *County of Dodge v. Michael J.K.*, 209 Wis. 2d 499, 502, 564 N.W.2d 350 (Ct. App. 1997). The purpose of statutory construction is to ascertain the intent of the legislature, and our first step is to review the statutory language itself. *State v. Isaac J.R.*, 220 Wis. 2d 251, 255, 582 N.W.2d 476 (Ct. App. 1998).

¶ 8. Here, the statute at issue involves the open meetings provisions of chapter 19 of the Wisconsin statutes. In particular, we are reviewing the exceptions to the legislature's general requirement that all meetings of governmental bodies be held in open session. *See* WIS. STAT. § 19.83. The legislature provided exceptions to the general rule in WIS. STAT. § 19.85, which allows "closed sessions" to be held in certain situations. Section 19.85 provides in pertinent part:

> **Exemptions. (1)** Any meeting of a governmental body, upon motion duly made and carried, may be convened in closed session under one or more of the exemptions provided in this section . . . . A closed session may be held for any of the following purposes:
>
> . . . .
>
> (c) Considering employment, promotion, compensation or performance evaluation data of any public employee over which the governmental body has jurisdiction or exercises responsibility.

■

¶ 9. There is no dispute that the closed sessions held in this case were in compliance with the statutes. The dispute is whether the substance of the discussion during the closed sessions is discoverable when the person who was the subject of the discussions files a lawsuit against the District. We conclude that, based on the plain language of the statute and the intent of the legislature, the substance of what was discussed at the closed meetings is not discoverable.

¶ 10. The plain language of this statute clearly indicates the legislature's intent that some situations call for certain discussions to be shielded from the public. The language clearly indicates that discussions occurring in a properly noticed closed session are not

subject to disclosure.[3] The statute contains no exceptions to the non-disclosure principle, none for litigation or any other circumstance. Based on the foregoing, we conclude that a privilege of non-disclosure is implicit within this statute. *See* WIS. STAT. § 905.01 (privileges may be implicit in the Constitution, statute, or rule).[4]

¶ 11.  Our conclusion is supported by the language of the statute and the public policy upon which the closed session statute was created. The legislature recognized that a governmental body's right to meet in closed session and maintain the confidentiality of its discussions on certain matters was paramount. Society's interest in having certain matters discussed in closed session outweighs society's interest in "open government." *See Oshkosh N.W. Co. v. Oshkosh Library Bd.*, 125 Wis. 2d 480, 482–83, 373 N.W.2d 459 (Ct. App. 1985). The closed sessions at issue here addressed Sands's employment and performance, which fall squarely into WIS. STAT. § 19.85(1)(c). Undoubtedly, one policy reason supporting a closed session to discuss such matters is to allow a candid discussion without concern that what is discussed will be disclosed. *See N.L.R.B. v. Sears Roebuck & Co.*, 421 U.S. 132, 150–52

---

[3] This case is distinguishable from the issue in *Oshkosh Northwestern Co. v. Oshkosh Library Board*, 125 Wis. 2d 480, 373 N.W.2d 459 (Ct. App. 1985), wherein the request was for access to motions and roll call votes, and not the "substance of the discussions which occurred in the closed meetings." *Id.* at 486.

[4] We need not specifically address whether Wisconsin should adopt the deliberate process privilege because this case is resolved on other grounds. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (cases should be decided on the narrowest possible grounds).

(1975). Such candid discussion is a necessary part of the decision-making process of governmental agencies. As noted by counsel for the District, if we were to conclude that disclosure of the substance of the closed discussion is permitted we, in essence, vitiate the need for the closed session at all. Such an interpretation would render the statute meaningless, which we cannot do. *See Liles v. Employers Mut. Ins.*, 126 Wis. 2d 492, 503, 377 N.W.2d 214 (Ct. App. 1985). The closed session loses its meaning if filing a lawsuit opens the door to what was once closed. We must presume that the legislature intended the statute to be interpreted in a manner that advances the purposes of the statutenot defeats those purposes. *Beard v. Lee Enters., Inc.*, 225 Wis. 2d 1, 22, 591 N.W.2d 156 (1999). If the closed session is rendered meaningless by the filing of a lawsuit, then the purpose of the law enacted by the legislature is defeated. The careful crafting by our lawmakers in balancing what should be open to the public and what should take place in a closed session is effectively destroyed.

¶ 12.   We agree with the District's counsel, who wrote:

> There is a tension between the legitimate interest in public disclosure of information and the equally legitimate interest in keeping certain information confidential. How that balance is struck is, at least in this instance, within the purview of the legislature. The fact that the legislature has created certain, specific circumstances in which a governmental body may meet in closed session and not disclose the content of its discussions and the fact that it has recognized no exception to that right, for litigation or otherwise, is clear and compelling evidence of the balance which the Wisconsin Legislature has concluded is appropriate.

¶ 13. Sands contends, nonetheless, that WIS. STAT. § 19.85(1)(b) supports her position that the closed session statute was not intended to hide the substance of what was discussed therein from the government employee who was discussed during the closed session. She argues that § 19.85(1)(b) requires notice to the employee so that the employee can demand that an evidentiary hearing relative to the employment decision be held in open session. We are not persuaded by Sands's argument. Section 19.85(1)(b) provides:

> A closed session may be held for any of the following purposes:
>
> . . . .
>
> (b) Considering dismissal, demotion, licensing or discipline of any public employee or person licensed by a board or commission or the investigation of charges against such person, or considering the grant or denial of tenure for a university faculty member, and the taking of formal action on any such matter; provided that the faculty member or other public employee or person licensed is given actual notice of any evidentiary hearing which may be held prior to final action being taken and of any meeting at which final action may be taken. The notice shall contain a statement that the person has the right to demand that the evidentiary hearing or meeting be held in open session.

We reject Sands's contention. First, the closed sessions at issue here were conducted pursuant to subsection (c), rather than (b). Second, even if the closed sessions could have been conducted pursuant to (b), that section and the argument Sands is making based on that subsection, applies only if the governmental body conducts an evidentiary hearing. *State ex rel. Epping v. City*

*of Neillsville Common Council*, 218 Wis. 2d 516, 581 N.W.2d 548 (Ct. App. 1998). In *Epping*, we concluded that:

> the discussion and evaluation of Epping's job performance and employment status during the closed sessions was not an "evidentiary hearing" as that term is used in § 19.85(1)(b), STATS. *If we were to conclude that "discussions" are evidentiary hearings, we would render the term "evidentiary hearing" contained in § 19.85(1)(b), STATS., superfluous because we cannot envision a meeting at which "discussions" would not take place.* We must construe statutes so as to avoid rendering any of the statutory language superfluous.

*Id.* at 523 (emphasis added; citation omitted). It is clear from the record before us that no evidentiary hearing was conducted during the closed sessions at issue. "[A]n evidentiary hearing must contain the taking of testimony and evidence, not mere discussions." *Id.* Accordingly, because no evidentiary hearing was conducted, Sands did not have the right to request that the board conduct the sessions openly and her argument fails.

■

¶ 14.   Sands also asserts that disclosure should be allowed, and contends that the District fails to produce any authority supporting that the information is privileged. As noted, however, the authority for the privilege is implicit in the statute itself. It is Sands who fails to cite any authority to support her position that a closed session should really be made public in certain circumstances. She also asks this court to create a limited exception to allow discovery of the substance of the closed session when the individual who is the subject of the discussion files a lawsuit alleging wrongdoing on the part of the District. We cannot make such an

exception. If any exceptions to the closed session statute should be created, such must come from the legislature itself. Reading exceptions into the clear statutory language enacted by the legislature is not the role of this court. *See State DOC v. Schwarz*, 2005 WI 34, ¶ 23, 279 Wis. 2d 223, 693 N.W.2d 703.

¶ 15. In sum, we conclude that the trial court erred in ruling that the substance of the discussion held in the closed sessions was discoverable. We therefore, reverse the order to compel and remand with directions to the trial court to enter an order denying Sands's motion to compel, and for any further proceedings consistent with this opinion. We hold that based on the statutory language of Wis. Stat. § 19.85, the legislature intended for the substance of closed sessions to remain protected from public disclosure. Accordingly, the discussions which occurred at the closed sessions in this matter are not discoverable.[5]

*By the Court.*—Order reversed and cause remanded with directions.

¶ 16. KESSLER, J. (*concurring in part; dissenting in part*). I concur with the Majority's conclusion[1] that "Sands has failed to demonstrate that the informa-

---

[5] Finally, we note that the lawsuit Sands filed alleges that she is an administrator and was therefore entitled to four months' notice before termination. The District is defending the lawsuit on the basis that Sands is not an administrator. Sands does not allege, nor is there any indication in this record, that the substance of the discussion at the closed sessions bore any relevance to this issue whatsoever. The interrogatory questions at issue do not address whether or not Sands was an administrator. Accordingly, on this basis as well, Sands has failed to demonstrate that the information she has asked for even satisfies the relevancy requirement of Wis. Stat. § 904.01.

[1] *See* Majority, ¶ 15 n.5.

tion she has asked for" is either relevant[2] to the only issue in her litigation or likely to lead to the discovery of admissible evidence under Wɪs. Sᴛᴀᴛ. § 804.01(2)(a). I do not perceive any possible relevance in what the District may, or may not, have discussed in closed session and the question of whether Sands was, or was not, an Administrator and thereby entitled to additional notice of termination. Consequently, I agree that the trial court improperly granted the disputed discovery and concur in reversal on that ground alone.

¶ 17.  I conclude the Majority goes beyond what is necessary to resolve this appeal[3] and in doing so, reads too much into the exceptions to the open meeting statute, Wɪs. Sᴛᴀᴛ. § 19.85(1)(c). This is not the case to decide whether an employee of a public body would be prohibited by statute from obtaining *relevant* evidence of that body's deliberations, in order to attempt to prove prohibited conduct by the body directed specifically at the employee. However, I fear that will be the unintended effect of this decision, and for those reasons I respectfully dissent.

---

[2] *See* Wɪs. Sᴛᴀᴛ. § 904.01:   " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[3] *Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issue need be addressed); *State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (case should be decided on the "narrowest possible ground").